In the 20 March 1995 Modified Opinion and Award, the parties were allowed ninety (90) days within which to take the necessary medical depositions prior to this matter coming before a Deputy Commissioner for hearing. Also, in the same Opinion and Award plaintiff was ordered to furnish copies of his 1992, 1993 and 1994 federal and state tax returns.
On 19 June 1995, at plaintiff's request, the Full Commission issued an Order allowing submission into the record of Dr. Lehman's 23 August 1994 IME. In the same Order, plaintiff was ordered to cooperate with efforts by defendants to schedule an IME with Dr. David Dupuy within thirty (30) days of the filing date of said Order.
On 28 August, the thirty (30) day period having elapsed, plaintiff moved the Full Commission to set conditions for the IME and alleged that defendants were to blame for the parties failing to comply with the Commission's past directives. In defendant's response it was alleged that throughout attempts had been made to secure available times for all parties and that due to plaintiff's lack of cooperation the IME with Dr. Dupuy was scheduled late in the permitted period of time. Further, defendants moved the Commission to dismiss plaintiff's claim.
After careful consideration, PLAINTIFF'S 28 August 1995 Motion is DENIED. Also, at this time, DEFENDANTS' 6 September 1995 Motion to Dismiss plaintiffs' claim is held in ABEYANCE and defendants' Motion in the Alternative is hereby GRANTED.
Plaintiff is ORDERED to appear at the office of Dr. Dupuy on 28 September 1995, this being the date indicated by defendants as being available, with all x-rays, CT scans and MRIs related to his injury by accident. If this date is no longer available for Dr. Dupuy, defendants shall immediately notify plaintiff and the Commission and plaintiff is ORDERED to appear on the next date Dr. Dupuy is available with the above noted documents. Upon completion of the IME and submission of the report, defendants shall have TWENTY DAYS (20) within which to schedule Dr. Dupuy's deposition.
Additionally, Plaintiff is ORDERED to either contact his medical providers in New York or provide a written authorization to defendants for them to contact said providers for the purpose of scheduling telephone depositions.
Further, plaintiff is ORDERED to provide authorization to counsel for defendants to secure plaintiff's social security earnings record for the years 1992, 1993 and 1994.
Finally, although, at this time, plaintiff's claim was not dismissed, if plaintiff should fail to fully comply in with this Order within thirty (30) days from its filing date, plaintiff may face the possibility of having his claim dismissed with prejudice.
No further costs are assessed at this time.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ DIANNE C. SELLERS COMMISSIONER